**Jessie Nolan CAGLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–97–00358–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 26, 1998.

Ted Beaty, Winnsboro, for appellant.

Henry Whitley, Big Sandy, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an appeal brought by Jessie Nolan Cagle ("Appellant"), from his conviction of aggravated sexual assault of a child. Appellant was also found guilty of indecency with a child, but he makes no complaint of this conviction on appeal. At trial, Appellant waived a jury and the trial court, after considering the evidence and arguments of counsel, assessed his punishment at twenty years' imprisonment for indecency with a child and forty years' confinement for aggravated sexual assault of a child. Appellant complains in his sole issue that "the evidence is insufficient to support the conviction." We will affirm.

■ Since Appellant does not specify whether his complaint concerns legal or factual sufficiency, we will review both. The standard for reviewing the legal sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Geesa v. State*, 820 S.W.2d 154, 156–57 (Tex.Cr.App. 1991); *Richardson v. State*, 879 S.W.2d 874, 879 (Tex.Cr.App.1993), *cert. denied*, 513 U.S. 1085, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995). An appellate court should uphold the trier of fact unless its decision is found to be irrational or unsupported by more than a mere modicum of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App.1988). All conflicts in the evidence should be resolved in favor of the verdict and every reasonable inference indulged. *Turro v. State*, 867 S.W.2d 43, 47–48 (Tex.Cr.App.1993). The trier of fact, in this case the trial judge, is the exclusive judge of the facts and credibility of the witnesses and the weight to be given the testimony, and he is entitled to accept or reject any or all of any witness' testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Cr.App.1981). Once an appellate court has determined that the evidence is legally sufficient to support the verdict, the court must then proceed to review the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Cr.App.1996). In conducting a factual sufficiency review, we must view all of the evidence impartially and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 134; *Bigby v. State*, 892 S.W.2d 864, 875 (Tex.Cr. App.1994), *cert. denied* 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995).

■ The testimony of the sexual victim alone is sufficient evidence of penetration. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex.Cr. App.1978). And the Texas Court of Criminal Appeals has also expressed its view on a child victim's testimony as follows:

... [W]e cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults. To expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crime

such as the instant offense in order to evade successful prosecution.

*Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Cr.App.1990). Also, in *Villalon*, the court concluded that "the rule in this jurisdiction [is] that penetration may be proven by circumstantial evidence." *Id.* at 133. With these standards in mind, we will set forth as impartially as possible that evidence presented at trial.

The victim ("E.F.") was eleven years old at the time of trial, but was eight when the charged offense occurred. She lived in a rural area in Wood County, Texas, with her mother, Betty Lou Ferrell ("Betty"), and two sisters, S.F. who was eight years of age, and M .F., who was three years of age. E.F. and S.F. each had their own bedroom and M.F. slept with her mother. It was not unusual for Appellant, Betty's half-brother, to occasionally spend the night at the Ferrell home, as did Betty's cousin, Weldon Gene Crawson ("Crawson"). In May 1994, both Appellant and Crawson spent the night in the Ferrell home. Appellant slept on a pallet in the front room and Crawson slept in E.F.'s room while E.F. slept with S.F. in her room. The next morning around seven o'clock, Betty found both Appellant and E.F. on the pallet. Betty described them as lying on their sides with E.F.'s back toward Appellant's front, with their bodies at the same angle, touching and covered with a blanket. They were apparently clothed and neither was asleep. When Betty confronted Appellant as to why they were lying together, Appellant stated that he put her in bed with him because E.F. was coughing. Although Betty did not suspect any misconduct at the time, she did not approve of her eight-year-old daughter being in bed with her half-brother. She immediately told Appellant and Crawson to leave and that they could never spend the night there again. Upon questioning by her mother, E.F. denied that Appellant had "fooled" with her.

In November of 1996, the victim made an outcry and told her mother that Appellant had put his "thing" in her butt. Betty stated that E.F. referred to her anus as her "butt," her sexual organ as her "front," and the male organ as a "thing." E.F. identified an ana-

tomical drawing of her "butt" and his "thing". She testified at trial that Appellant carried her from her bed into the front room and put his "thing" in her "butt." E.F. further testified that she tried to get away, but that he would not let her go. She also stated that Appellant had done the same thing to her "five or six" times before. After hearing her daughter's outcry, Betty contacted the Wood County Sheriff's Department and reported E.F.'s statements to Juvenile Investigator Joyce Box ("Box"), who began a sexual assault investigation. In the course of the investigation, Box met with Appellant, who gave two voluntary statements which were admitted into evidence during the guilt-innocence phase of the trial. Although Appellant denied both penile and finger penetration, he admitted that he rubbed the victim's vagina and the rest of her body. He also placed his penis between her legs and rubbed it back and forth. Appellant confessed that he had molested E.F. and that he was sick and was ashamed of what he had done. He further confirmed the victim's testimony that he carried her from her bed into the front room and laid her on the pallet with him. He stated that he had sexually touched her on other occasions, as well. He also admitted that E.F. had rebuffed him on other occasions when he had tried to sexually abuse her.

▮ Appellant argues that the evidence is insufficient because of several inconsistencies in the evidence. For example, directly after Betty found E.F. and Appellant together, she asked E.F. if Appellant had fooled with her. E.F. told her "no," that they were clothed, and that she could not remember whether his "thing" was soft or hard. In addition, E.F.'s and her mother's testimony were in conflict, with E.F. testifying that she was wearing blue jean shorts, and her mother testifying that she was wearing a gown and panties. Appellant maintains that this establishes an improbability that any contact occurred. We disagree.

▮ We do not consider the conflict in sleepwear testimony as being material, because we recognize that the trial took place approximately two years after the incident in question. Since E.F. testified that she usual-

ly wore a tee shirt and shorts at night, she could have been mistaken as to what she was wearing on the night in question and the trial court could have believed her mother's testimony, instead. In addition, the fact that there was no evidence to show that either Appellant or the victim were unclothed is not necessarily relevant or controlling. E.F.'s testimony, literally translated, means that Appellant placed his penis inside her anus (penetration). The statute only requires proof of contact (touching), however. Furthermore, the mother's outcry testimony admitted under the Texas Rules of Criminal Procedure, Article 38.072 is admitted as an exception to hearsay rule. As such, it is substantive evidence, admissible for the truth of the matter asserted. *Rodriguez v. State*, 819 S.W.2d 871, 873 (Tex.Cr.App.1991). And it is long settled that contradictions or conflicts in a witness' testimony, or in the testimony of several witnesses, do not destroy the sufficiency of the evidence. *Weisinger v. State*, 775 S.W.2d 424, 429 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd.). Rather, contradictory statements relate to the weight of the evidence and the credibility given the witness by the factfinder. *Penagraph*, 623 S.W.2d at 341.

■ Although "contact" is not defined by the Penal Code, nor have we found an applicable definition in case law, the term will be given its ordinary meaning according to its common usage. Webster's dictionary defines "contact" as "the act of touching or meeting" and "close juxtaposition or touching of the bodies or person." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY, unabridged, 2nd Ed. We hold, therefore, that even assuming there was fabric between Appellant's penis and E.F.'s anus, contact could have occurred. Although Appellant denied touching either the victim's vagina or anus with his penis, he admitted that he rubbed E.F.'s vagina and her body and placed his penis between her legs and rubbed it back and forth. He confessed that he molested E.F. and that he was sick and ashamed of what he had done. Appellant confirmed E.F.'s testimony that he carried her from her bed into the front room and laid her on the pallet with him. He also admitted that he had sexually touched her on other occasions. These admissions plainly demonstrate Appellant's libidinous intent. We hold that the evidence was both legally and factually sufficient to support a finding of the essential elements of aggravated sexual assault of a child beyond a reasonable doubt.

The judgment of the trial court is *affirmed.*