NO. 12-00-00202-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JAMES RANDALL PULLEN,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS






 

 Appellant James Randall Pullen was convicted of the felony offense of aggravated sexual
assault of a child. A jury assessed his punishment at fifteen years of imprisonment and a fine of
$10,000.00. Appellant raises three issues for our consideration. We affirm.


Background

 Appellant filed a written motion for continuance in this case based on counsel's inability to
meet with Appellant and prepare for trial due to Appellant's having developed a chronic nosebleed. 
On the morning of voir dire, Appellant put on evidence in support of his motion. The trial court
denied the motion and proceeded with voir dire. The trial began two days later.

 At trial, Melody Hicks ("Hicks") testified that she and her four children lived with Appellant
at his home in Henderson County for several years. In late July or early August of 1997, Hick's
eleven-year-old daughter, T.P., wrote Hicks a note accusing Appellant of sexually abusing her. 
Appellant denied the accusations, and Hicks took no action. 

 Shortly after school started in August of that same year, the school counselor, acting on an
anonymous tip, questioned T.P. about sexual abuse. T.P. admitted that Appellant had been sexually
abusing her, so the counselor notified Child Protective Services. After C.P.S. became involved in
the case, Hicks and her children moved out of Appellant's house. 

 Appellant was indicted for aggravated sexual assault of a child by intentionally or knowingly
penetrating T.P.'s female sexual organ with his sexual organ and by intentionally or knowingly
penetrating T.P.'s mouth with his sexual organ. 

 At trial, T.P. testified that Appellant placed his penis inside her mouth. T.P. testified that
Appellant had penetrated her vagina with his fingers but that he had not penetrated her vagina with
his penis.

 Dr. Jamye Coffman testified that she examined T.P. on September 3, 1997. Prior to
conducting a complete pediatric physical examination, Dr. Coffman obtained a verbal history from
T.P. Dr. Coffman testified:


 [T.P.] said . . . [Appellant] put his privates here, she pointed to her mouth, and here, and she pointed
to her genitals. He put it in my mouth two or three times and in my privates one or two times. It hurt
when he put it in my privates, but it didn't bleed.

 

 Dr. Coffman testified that upon physical examination, she discovered a transection, or cut,
through T.P.'s hymen that could only have been caused by penetration of T.P.'s vagina. Dr.
Coffman said the cut was consistent with penile penetration. She further testified that because T.P.
was past puberty, and, thus, her hymen was "stretchy," it was unlikely that the cut through her hymen
had been made by digital penetration.


Sufficiency of the Evidence

 In his first issue, Appellant contends that the evidence is legally and factually insufficient to
support his conviction. Specifically, Appellant avers the evidence is insufficient to prove that he
penetrated T.P.'s vagina with his penis as alleged in the indictment.

 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598 (Tex.
Crim. App. 1998). An appellate court should uphold the jury's verdict "unless it is found to be
irrational or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). All conflicts in the evidence should be resolved in favor of the
verdict, and every reasonable inference indulged. Sneed v. State, 803 S.W.2d 833, 837 (Tex. App.-
Dallas 1991, pet. ref'd). The jury is the exclusive judge of the credibility of the witnesses and of the
weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. 
Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). 

 When reviewing the factual sufficiency of the evidence, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is
so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). We review the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it with the evidence that tends to
disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). This review must
employ appropriate deference to prevent an appellate court from substituting its judgment for that
of the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as
the sole judge of the weight and credibility to be given to the testimony of the witnesses. Jones, 944
S.W.2d at 648. 

 Sufficiency of the evidence should be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997). Such a charge would be one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the
State's theories of liability, and adequately describes the particular offense for which the defendant
was tried. Id. Malik controls sufficiency of the evidence analysis even in the absence of alleged
jury charge error. See Gollihar v. State, No. 669-99, 2001 WL 515254 (Tex. Crim. App. May 16,
2001). 

 A person commits the offense of aggravated sexual assault of a child if the person
intentionally or knowingly causes the penetration of the female sexual organ of a child younger than
fourteen years of age by any means or if he intentionally or knowingly causes the penetration of the
mouth of a child younger than fourteen years of age by the sexual organ of the actor. See Tex. Pen.
Code Ann. § 22.021(a) (Vernon 1994). In this case, the indictment alleged, in the conjunctive, that
Appellant committed aggravated sexual assault of T.P. by intentionally or knowingly penetrating
her female sexual organ with his sexual organ and by intentionally or knowingly penetrating her
mouth with his sexual organ. The jury charge appears to require that the jury find that Appellant
intentionally or knowingly penetrated both T.P.'s vagina and her mouth with his penis. However,
under the indictment, the jury charge should have required only that the jury find aggravated sexual
assault of a child by one means or the other in order to convict Appellant. Anderson v. State, 717
S.W.2d 622, 632 (Tex. Crim. App. 1986); Zanghetti v. State, 618 S.W.2d 383 (Tex. Crim. App.
1981). In other words, a disjunctive application paragraph in the jury charge would have been
hypothetically correct under the indictment. 

 Appellant does not dispute that the evidence is sufficient to prove that he penetrated T.P.'s
mouth with his penis but avers the evidence is insufficient to prove that he penetrated T.P.'s vagina
with his penis. Appellant, in effect, concedes sufficiency of the evidence under Malik. Furthermore,
we conclude the evidence was sufficient to prove penile penetration, as well.

 Penetration of the female sexual organ may be proven circumstantially. See Villalon v. State,
791 S.W.2d 130, 133 (Tex. Crim. App. 1990); Cagle v. State, 976 S.W.2d 879, 881 (Tex. App.-
Tyler 1998, no pet.). Dr. Coffman testified that her physical examination of T.P. revealed a cut to
T.P.'s hymen that was consistent with penile penetration but not digital penetration. Additionally,
a sexual assault victim need not testify as to penetration. See Villalon, 791 S.W.2d at 133. Though
T.P. testified that Appellant did not penetrate her vagina with his penis, Dr. Coffman testified that
T.P. told her that Appellant penetrated her vagina with his penis. A statement made for the purpose
of medical diagnosis or treatment is admissible as an exception to the hearsay rule, meaning it is
considered substantive evidence, admissible for the truth of the matter asserted in the testimony. See
Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App. 1991); Cagle, 976 S.W.2d at 882.

 Contradictions or conflicts in a witness' testimony, or in the testimony of several witnesses,
do not destroy the sufficiency of the evidence. Cagle, 976 S.W.2d at 882. Rather, contradictory
statements relate to the weight of the evidence and the credibility given the witness by the factfinder.
Id. Perhaps when considering the conflicting evidence of vaginal penetration by Appellant's sexual
organ, the jury took into consideration T.P.'s young age and the passage of nearly three years' time
between the offense and the trial and then gave more weight to Dr. Coffman's written records of
T.P.'s statements near the time of the offense and Dr. Coffman's medical diagnosis and opinions. 
The jury's reasoning is, of course, beyond the scope of our review, and we decline to interfere where
the jury has spoken on a matter of weight of the evidence and credibility of the witnesses. 

 We hold that the evidence is legally and factually sufficient to support the conviction. 
Appellant's first issue is overruled.


Due Process and

Ineffective Assistance of Counsel

 In his second issue, which is presented together with his third issue, Appellant contends he
was denied due process when the trial court denied his motion for continuance based on counsel's
inadequate preparation time. In his third issue, Appellant complains of ineffective assistance of
counsel based on the fact that trial counsel announced ready after his motion for continuance was
denied. After setting out the standards of review separately, we address the issues together. 

 The Texas Code of Criminal Procedure provides that "[a] criminal action may be continued
on the written motion of the State or of the defendant, upon sufficient cause shown; which cause
shall be fully set forth in the motion." Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). We
review the trial court's decision to grant or deny the motion for an abuse of discretion. See Wright
v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), cert. denied, __U.S.__, 121 S. Ct. 885, 148
L. Ed. 2d. 793 (2001). In order to establish an abuse of discretion, an appellant must show that he
was actually prejudiced by his counsel's inadequate preparation time. Wright, 28 S.W.3d at 532;
Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). Prejudice might include unfair
surprise, an inability to effectively cross-examine the State's witnesses, or the inability to adduce
crucial testimony that could have been given by potential witnesses. See Janecka, 937 S.W.2d at
468. Where a denial of a continuance has resulted in demonstrated prejudice, appellate courts have
not hesitated to declare an abuse of discretion. Id.; Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex.
Crim. App. 1995). However, that counsel merely desired more time to prepare does not alone
establish an abuse of discretion. Janecka, 937 S.W.2d at 468. Counsel should make a bill of
exception or file a motion for new trial to explain how, if at all, his client was prejudiced by his
inadequate preparation time. See Ramirez v. State, 976 S.W.2d 219, 224-25 (Tex. App.- El Paso
1998, pet. ref'd); Greenwood v. State, 948 S.W.2d 542, 548 (Tex. App.- Fort Worth 1997, no pet.).

 The standard of review for ineffective assistance of counsel in enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas
constitutional claims in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). Under the
Strickland test, Appellant must show that: (1) counsel's performance was deficient, and (2) but for
counsel's unprofessional errors, the result of the proceeding would have been different within
reasonable probability. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong v. State, 25 S.W.3d
707, 712 (Tex. Crim. App. 2000). A reasonable probability is a probability sufficient to undermine
confidence in the outcome of the proceedings. Tong, 25 S.W.3d at 712. Appellant is required to
establish his claims by a preponderance of the evidence. Id. Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make
the required showing of either deficient performance or sufficient prejudice defeats an
ineffectiveness claim. Id. Our review of counsel's representation is highly deferential; we indulge
a strong presumption that counsel's conduct falls within a wide range of reasonably professional 
representation. See Tong, 25 S.W.3d at 712.

 The denial of counsel's motion for continuance does not render his assistance presumptively
ineffective, where counsel was present, participated in the trial, and engaged in meaningful
adversarial testing. See Childress v. State, 794 S.W.2d 119, 122 (Tex. App.- Houston [1st Dist.]
1990, pet. ref'd). Furthermore, the bare allegation of unpreparedness in the context of seeking a
motion for continuance, without more, does not prove counsel rendered ineffective assistance in the
subsequent trial.

 Our review of the record reveals neither that Appellant has shown actual prejudice by the
denial of his motion for continuance nor that trial counsel was ineffective. In his written motion for
continuance and at the hearing on such, counsel cites two days preparation he was not afforded due
to Appellant's medical condition. The record reveals that voir dire was concluded on Monday
afternoon at 1:55 p.m. and trial did not commence until 9:00 a.m. Wednesday for the specific
purposes of giving counsel more preparation time and allowing Appellant to seek medical attention. 
The record reveals that Appellant was present at trial and his nosebleed had been successfully
treated. During the course of the trial, counsel made timely objections to the State's witnesses and 
conducted effective cross-examination of the State's witnesses. Counsel presented witnesses in
Appellant's defense at both phases of the trial. Appellant has failed to show how additional
preparations would have changed the outcome of the trial. Furthermore, counsel neither made a bill
of exception nor filed a motion for new trial to explain how, if at all, his client was prejudiced by his
inadequate preparation time. We discern no deficiency in counsel's performance at trial, and
certainly none that prejudiced Appellant such that his conviction should be reversed. We hold that
the trial court did not abuse its discretion by denying Appellant's motion for continuance and that
trial counsel was not ineffective. Therefore, Appellant's second and third issues are overruled. The judgment is affirmed.

 



 JIM WORTHEN 

 Justice


Opinion delivered July 25, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.























(DO NOT PUBLISH)