No. 04-01-00610-CR



Johnny FUENTES, Jr.,


Appellant



v.



The STATE of Texas,


Appellee



From the 218th Judicial District Court, Frio County, Texas


Trial Court No. 01-04-00022-CRF


Honorable Olin B. Strauss, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: October 2, 2002


AFFIRMED

 A jury found Johnny Fuentes, Jr. guilty of aggravated assault with a deadly weapon and
sentenced him to fifty years imprisonment and a $10,000.00 fine. Fuentes's court-appointed attorney
filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he concludes that
the appeal has no merit. Counsel provided Fuentes with a copy of the brief and informed him of his
right to review the record and file his own brief. See Nichols v. State, 954 S.W.2d 83, 85-86 (Tex.
App.--San Antonio 1997, no pet.); Bruns v. State, 924 S.W.2d 176, 177 n.1 (Tex. App.--San
Antonio 1996, no pet.). 

 Fuentes filed a pro se brief contending: (1) trial counsel rendered ineffective assistance of
counsel; (2) the trial court erred in assessing a $10,000.00 fine; (3) the evidence was insufficient to
prove that Fuentes used a "knife" as alleged in the indictment; (4) the trial court erred in allowing the
enhancement of Fuentes's sentence since the State did not introduce a pen packet to prove the prior
conviction; and (5) the trial court erred in overruling objections to testimony by a physician based on
the victim's conflicting testimony. We briefly respond to each of these contentions as follows:

 (1) "Any allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). "A substantial risk of failure accompanies
an appellant's claim of ineffective assistance of counsel on direct appeal. Rarely will
a reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of the claim
involving such a serious allegation." Id. "In the majority of instances, the record on
direct appeal is simply undeveloped and cannot adequately reflect the failings of trial
counsel." Id. at 813-14. "The record in the case at bar is silent as to why appellant's
trial counsel failed to object" in those instances in which Fuentes contends that
counsel should have objected. Id. at 814. The record is also silent as to why
appellant's trial counsel otherwise failed to take the actions that Fuentes contends trial
counsel should have taken. "Therefore, [Fuentes] has failed to rebut the presumption
this was a reasonable decision" or sound trial strategy. Id. The record does reflect
that trial counsel was well-prepared and conducted extensive cross-examination to
impeach the evidence introduced against Fuentes; therefore, on the record before us,
we cannot agree that trial counsel rendered ineffective assistance of counsel. See id.
at 814-15 (explaining submission of ineffective assistance claim via an application for
writ of habeas corpus provides better opportunity to develop record).


 (2) Fuentes was charged with aggravated assault, a second degree felony, punishable by
a term of imprisonment of not more than 20 years and not less than 2 years, together
with a fine not to exceed $10,000.00. Tex. Pen. Code Ann. § 22.02, 12.33 (Vernon
1994). Fuentes's offense was enhanced to a first degree felony by proof that he had
been convicted once before of a felony. Tex. Pen. Code Ann. §12.42(b) (Vernon
Supp. 2002). A first degree felony is punishable by a term of imprisonment of not
more than 99 years and not less than 5 years, together with a fine not to exceed
$10,000. Tex. Pen. Code Ann. § 12.32 (Vernon 1994). Therefore, the trial court
did not err in assessing the $10,000.00 fine.


 (3) One of the victims testified that Fuentes had a pocketknife in his hand with a three-inch blade.


 (4) Fuentes pled true to the enhancement. See Harvey v. State, 611 S.W.2d 108, 111
(Tex. Crim. App. 1981) (plea of true removes State's burden to prove prior final
conviction and waives complaint as to sufficiency of evidence supporting prior
conviction).


 (5) Conflicts in testimony go to the weight of the evidence rather than to its admissibility.
Davis v. State, 992 S.W.2d 8, 11 (Tex. App.--Houston [1st Dist.] 1996, no pet.);
Cagle v. State, 976 S.W.2d 879, 882 (Tex. App.--Tyler 1998, no pet.). 


 We have reviewed the record and counsel's brief. We agree that the appeal is frivolous and
without merit. The judgment of the trial court is affirmed. Appellate counsel's motion to withdraw
is granted. Nichols v. State, 954 S.W.2d at 86; Bruns 924 S.W.2d at 177 n.1.


 Alma L. López, Justice

DO NOT PUBLISH