NO. 07-01-0468-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 15, 2002

______________________________

JIM DWIGHT SHIELDS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 251
st
 DISTRICT COURT OF POTTER COUNTY;

NO. 41865-C; HON. PATRICK PIRTLE, PRESIDING

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, SJ.
(footnote: 1)
 Appellant Jim Dwight Shields challenges his conviction of indecency with a child in two points in which he claims error in the court’s charge.  Those errors include the trial court’s overruling of (1) his objection to the inclusion of the language “touching through clothing” as part of the definition of sexual contact in the court’s charge and (2) his objection to the inclusion of the language “or the credibility of the witnesses” in the limiting instruction in which the court instructed the jury as to the purposes for which they could consider evidence of extraneous offenses and other bad acts.  We affirm the judgment of the trial court. 

Issue One - Inclusion of “Touching Through Clothing”

Appellant was charged with intentionally and knowingly engaging in sexual contact with his daughter who was under the age of 17 by touching her breast with intent to arouse and gratify his sexual desire.  In the court’s charge, the jury was instructed that “[f]or purposes of this law, the term ‘sexual contact’ means any touching by a person, including touching through clothing, of the breast of a child, if committed with the intent to arouse or gratify the sexual desire of any person.”  The offense was alleged to have occurred on February 1, 1998, while the victim was clothed and, at that time, sexual contact was not defined by statute to include touching through clothing.
(footnote: 2)  
See 
Tex. Pen. Code Ann. §21.01(2) 
(Vernon 1994).  Therefore, appellant contends the jury charge “was based upon the law as it was amended to apply to offenses committed after September 1, 2001.”  Furthermore, “[g]iving a charge based upon the new law rather than the law in effect at the time of the offense . . . amounts to a violation of the ex post facto clause of the United States Constitution.”  We overrule the objection. 

The trial court is required to provide a charge that sets forth the law applicable to the case.  
Tex. Code Crim. Proc.Ann. 
 art. 36.14 (Vernon Supp. 2002).  As such, the charge must contain an accurate description of the law.  
Ex parte Varelas
, 45 S.W.3d 627, 633 (Tex. Crim. App. 2001).  However, even before codification by statute of the particular provision in question, under the case law in existence prior to September 1, 2001, the State was already permitted to prove sexual contact by touching occurring through clothing.  In 
Resnick v. State, 
574 S.W.2d 558 (Tex. Crim. App. 1978), the court stated that the essence of the act of touching “is to perceive by the sense of feeling” and rejected the notion that the existence of a layer of fabric between a person’s hand and an object prevents the person from feeling the object.  
Id. 
at 560.  Other courts have also followed this line of reasoning.  
See In re J.S., 
35 S.W.3d 287, 292 (Tex. App.—Fort Worth 2001, no pet.) (holding that sexual contact may be committed even if the victim is fully clothed);  
Cagle v. State, 
976 S.W.2d 879, 882 (Tex. App.—Tyler 1998, no pet.) (holding that contact can occur even if there is fabric between the defendant’s penis and the victim’s anus); 
Cruz v. State, 
742 S.W.2d 545, 548 n.2 (Tex. App.—Austin 1988, no pet. ) (holding that the fact there was no evidence of flesh-to-flesh contact did not prevent a finding that the evidence was sufficient to support the conviction of indecency with a child); 
Guia v. State, 
723 S.W.2d 763, 766 (Tex. App.—Dallas 1986, pet. ref’d) (holding that if a layer of fabric does not prevent occurrence of sexual contact for public lewdness as found in 
Resnick, 
it does not prevent the occurrence of sexual contact for the offense of indecency with a child). The trial court has broad discretion in submitting proper definitions and explanatory phrases to the jury.  
Breckenridge v. State, 
40 S.W.3d 118, 122 (Tex. App.—San Antonio 2000, pet. ref’d); 
Macias v. State, 
959 S.W.2d 332, 336 (Tex. App.—Houston [14
th
 Dist.] 1997, pet. ref’d).  In this instance, the court instructed the jury on the statutory definition of sexual contact and also included the interpretation of that provision with respect to touching that had been established by case law and which was applicable to the particular facts of this case.  Thus, the court’s inclusion of the phrase in the charge was an accurate description of the law in existence at that time and not an abuse of its discretion.   

Issue Two - Inclusion of “Credibility of the Witnesses”

In his second issue, appellant complains of a variance between a limiting instruction given orally during trial and one included in the jury charge.  By instructing the jury through its written charge that they could consider evidence of extraneous acts to assess the “credibility of the witnesses” (among other things) while omitting that phrase from its oral instruction to the jury during the presentation of the evidence, the trial court allegedly erred.  “Surely this [was] the Court’s equivalent of ‘Kings X’ and must be considered error resulting in ‘some harm’ . . .,” concludes appellant.  We overrule the issue for the following reasons.

First, appellant cites no direct or analogous legal authority in support of his contention that a variance between an oral instruction during trial and a written instruction in the court’s jury charge constitutes error.  Because he did not, he presented nothing for review.  
Jenkins v. State
, 912 S.W.2d 793, 819 (Tex. Crim. App. 1993).  

Second, the grounds underlying appellant’s complaint on appeal were not those mentioned at trial.  Here, he complains of the variance between the two instructions.  Below, he asserted that the jury “cannot consider those things for the credibility of the witnesses . . . in that way . . . it comments on the weight of the evidence.”  Because the grounds of complaint asserted here must be included in the objections asserted below and they do not, appellant’s current argument was waived.  
Penry v. State
, 903 S.W.2d 715, 763 (Tex. Crim. App. 1995), 
cert. denied, 
516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995).  

Third, and assuming 
arguendo
 that the complaint had been preserved and it constituted error, 
see Porter v. State
, 709 S.W.2d 213, 215-16 (Tex. Crim. App. 1986) (holding that the trial court was required to instruct the jury that it could consider the evidence of extraneous offenses solely in assessing the witness’s credibility), we cannot say it was harmful.  Appellant simply states that had he known that the trial court was going to include reference to credibility in its charge, “perhaps the defense would have taken a different route.”  Yet, he does not explain what that alternate route would have been or its impact, if any, on the eventual outcome of the trial.  Finally, our own review of the record failed to uncover any basis upon which we could reasonably conclude that the error was harmful in any respect.  
See Patrick v. State
, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995), 
cert. denied, 
517 U.S. 1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996) (holding that charge error that was not preserved at trial must be so harmful that the defendant was denied a fair and impartial trial before it can be the basis for reversal).     

Accordingly, the judgment of the trial court is affirmed.        

Brian Quinn

    Justice

  
   

Do not publish.

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
tex. gov’t code ann. 
 
§
75.002(a)(1) (Vernon Supp. 2002). 

2:
Section 21.11(c) of the Penal Code was changed effective September 1, 2001, to include a provision that “sexual contact” includes “any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.”  
Tex. Pen. Code Ann.
 §21.11(c)(2) (Vernon Supp. 2002).  The change applies only to an offense committed on or after the effective date.