NUMBER 13-03-352-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

FRITZ ALLEN FURTICK,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 117th District Court
of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, Fritz Allen Furtick, was tried before a jury and convicted of
aggravated sexual assault of a child as a repeat felony offender. See Tex. Pen. Code
Ann.§ 22.021 (Vernon 2003). The trial court assessed a sentence of sixty years
imprisonment. The trial court has certified that this “is not a plea-bargain case, and
the defendant has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). By two issues,
appellant contends that (1) he was denied a fair jury trial because of statements made
by the prosecution during the State’s argument, and (2) he was denied effective
assistance of counsel. We affirm. 
I. FACTS
As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. DENIAL OF FAIR JURY TRIAL
By his first issue, appellant contends that he was denied a fair jury trial when
the prosecution, during opening and closing argument, (1) called appellant a “predator”
when there was no evidence in the record to support the statement, and (2)
highlighted appellant’s failure to testify or present evidence by commenting that
appellant was the one saying the complainant was lying.


 
Appellant, however, failed to object to “the complained-of jury arguments and
therefore forfeited his right to raise any alleged error on appeal.” Simpson v. State,
119 S.W.3d 262, 268 (Tex. Crim. App. 2003) (citing Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996) (defendant must object and pursue objection to
adverse ruling in order to complain about erroneous jury argument on appeal)); see Tex.
R. App. P. 33.1. 
Accordingly, appellant’s first issue is overruled. 
III. INEFFECTIVE ASSISTANCE OF COUNSEL
By his second issue, appellant contends that trial counsel was ineffective for:
(1) failing to object to improper argument by the prosecution; (2) failing to object to
the admission of videotaped testimony; (3) failing to hire an expert witness; and (4)
failing to request an instruction for the lesser-included offense of indecency with a
child.
A. Standard of Review
The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong test to determine whether representation was so inadequate
that it violated a defendant’s sixth amendment right to counsel. See Strickland v.
Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55
(Tex. Crim. App. 1986); Munoz v. State, 24 S.W.3d 427, 433 (Tex. App.–Corpus
Christi 2000, no pet.). To establish ineffective assistance of counsel, appellant must
show: (1) his attorney’s representation fell below an objective standard of
reasonableness; and (2) there is a reasonable probability that, but for his attorney’s
errors, the result of the proceeding would have been different. Strickland, 466 U.S.
at 687; Stone v. State, 17 S.W.3d 348, 349-50 (Tex. App.–Corpus Christi 2000, pet.
ref’d). Appellant has the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. See Munoz, 24 S.W.3d at 343; Stone, 17 S.W.3d at
350. An allegation of ineffective assistance of counsel will only be sustained if it is
firmly founded and the record affirmatively demonstrates counsel’s alleged
ineffectiveness. Guzman v. State, 923 S.W.2d 792, 797 (Tex. App.–Corpus Christi
1996, no pet.). We must indulge a strong presumption that the counsel’s conduct
falls within the wide range of reasonable professional assistance. See Jackson v.
State, 877 S.W.2d 768, 711 (Tex. Crim. App. 1994). In the absence of evidence of
counsel’s reasons for the challenged conduct, an appellate court will assume a
strategic motivation and will not conclude that the conduct was deficient unless the
conduct was so outrageous that no competent attorney would have engaged in it. 
Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999).
B. Failure to Object to Improper Arguments
Appellant complains trial counsel was ineffective for failing to object to
prosecution (1) calling appellant a “predator,” and (2) commenting that appellant was
saying the complainant was lying. 
There are four permissible areas of jury argument: (1) summation of the
evidence presented at trial; (2) reasonable deduction from the evidence; (3) answer to
opposing counsel’s argument; or (4) plea for law enforcement. Felder v. State, 848
S.W.2d 85, 94-95 (Tex. Crim. App. 1992). “Counsel is allowed wide latitude without
limitation in drawing inferences from the evidence so long as the inferences drawn are
reasonable, fair, legitimate, and offered in good faith.” Gaddis v. State, 753 S.W.2d
396, 398 (Tex. Crim. App. 1988). “[T]he jury argument must be extreme or
manifestly improper, or inject new and harmful facts into evidence to constitute
reversible error.” Id. 
Concerning the prosecutor’s reference to appellant being a “predator,” the
evidence shows that appellant sexually assaulted a young girl left in his care. The
State submits that it was a fair and reasonable deduction to characterize appellant as
a “predator.” A prosecutor can characterize a defendant if it is a proper summation
and a reasonable deduction from the evidence. See Collins v. State, 2 S.W.3d 432,
437 (Tex. App.–Houston [1st Dist.] 1999, pet. ref’d) (allowing prosecutor to call
defendant a “predator who preyed on women with small children”); Belton v. State,
900 S.W.2d 886, 898 (Tex. App.–El Paso 1995, pet. ref’d) (allowing prosecutor to
refer to defendant as an “animal” when it was shown he would force his way into
victims’ homes and proceed to beat and terrorize victims and then shoot family
members). Therefore, we conclude the State’s jury argument could reasonably be
construed as a fair summary of the evidence.
Appellant also contends that trial counsel was ineffective for failing to object
when the prosecution argued to the jury that appellant said the complainant was lying. 
However, the record is silent as to the reasons for counsel’s decision not to object to
the prosecution’s arguments. Because of the strong presumption that trial counsel’s
conduct falls within the wide range of reasonable professional assistance and that such
conduct might be sound trial strategy, see Garcia, 57 S.W.3d at 440, we conclude
that appellant has failed to meet the first prong of Strickland. See Strickland, 466
U.S. at 687.
C. Failure to Object to Admission of Videotape
Appellant also contends that trial counsel was ineffective because she failed to
object to the admission of the videotape which contained the interview of the
complainant, although complainant later testified at trial. Again, the record is silent
as to the reasons for counsel’s decision not to object to the admission of the
videotape. Absent such explanation, appellant has failed to overcome the presumption
of sound trial strategy. See Garcia, 57 S.W.3d at 440. Trial counsel, in her closing
arguments, used the videotape to attack the credibility of the complainant’s trial
testimony. She also used the videotape to argue that the State had failed to prove its
case beyond a reasonable doubt since the videotape did not include a clear statement
of the sexual conduct alleged in the indictment or in complainant’s trial testimony. The
record shows that counsel used the videotaped interview in an attempt to raise
reasonable doubt as to appellant’s guilt. Under the applicable standard of review,
there is a heavy presumption that the decision not to object to the videotaped
testimony was strategic. Id. Therefore, we conclude that appellant failed to meet his
burden of establishing the first prong of Strickland. See Strickland, 466 U.S. at 687.
D. Failure to Obtain an Expert Witness
Appellant next contends that his trial counsel was ineffective because she failed
to obtain a necessary expert witness. Generally, trial counsel’s failure to call
witnesses is irrelevant unless appellant shows that such witnesses were available and
would be able to provide beneficial testimony. King v. State, 649 S.W.2d 42, 44
(Tex. Crim. App. 1983); Parmer v. State, 38 S.W.3d 661, 668 (Tex. App.–Austin
2000, pet. ref’d). When an appellant complains of trial counsel’s failure to call an
expert witness, he must show that the expert would have testified in a manner
beneficial to him. See McCain v. State, 995 S.W.2d 229, 246 (Tex. App.–Houston
[1st Dist.] 1999, no pet.); Cate v. State, 124 S.W.3d 922, 928 (Tex. App.–Amarillo
2004, pet. ref’d). In this case, appellant failed to show how the testimony of an
expert witness would have provided beneficial testimony. 
Furthermore, appellant contends that trial counsel “simply failed to request [an
expert witness] or did not know how to request one at the expense of the State.” Our
review of the record reveals, however, that trial counsel did in fact file a motion
requesting the trial court to appoint an expert witness. The motion was granted, and
the trial court allocated up to $1000.00 for the appointment of an expert witness to
assist in the preparation of the defense. The record further indicates that trial counsel
attempted to retain the services of at least six possible expert witnesses. All but one
of the expert witnesses contacted by trial counsel did not take court-appointed cases. 
The one expert willing to take on the case required a minimum retainer fee of
$5,000.00. Accordingly, appellant’s contention is without merit. Again, appellant has
failed to satisfy the first prong of Strickland. See Strickland, 466 U.S. at 687.
E. Failure to Request Instruction on Lesser Included Offense
Appellant’s final contention is that his counsel was ineffective in failing to
request a jury instruction on the lesser included offense of indecency with a child. 
Appellant contends that since there was no evidence of penetration, the trial court
would have been obligated to give an instruction on indecency with a child if trial
counsel had asked for such an instruction. The indictment, however, charged
appellant with aggravated sexual assault of a child through “contact” and not
penetration. See Tex. Pen. Code Ann.§ 22.021(a)(1)(B)(iii) (Vernon 2003); Cagle v.
State, 976 S.W.2d 879, 882 (Tex. App.–Tyler 1998, no pet.) (giving ordinary
meaning to the term “contact” as used in the Texas Penal Code). Complainant
testified that appellant caused his sexual organ to make contact with hers. Since the
offense, as charged in the indictment, was supported by evidence, we find appellant
has not established that his attorney’s representation fell below an objective standard
of reasonableness. See Strickland, 466 U.S. at 687. 
F. Different Result Not Established
In addition to the foregoing, appellant has also failed to meet the second prong
of the Strickland test that but for the errors of appellant’s trial counsel, the result of
the proceeding would have been different. See Strickland, 466 U.S. at 687.
Thus, we conclude appellant was not denied effective assistance of counsel. 
We overrule appellant’s second issue.
IV. CONCLUSION
Accordingly, we affirm the judgment of the trial court.                                                                                           
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice
 
Do not publish.
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and 
filed this 22nd day of July, 2004.