MARY'S OPINION HEADING 








NO. 12-08-00446-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

LUIS MIGUEL
TREJO                                §                      APPEAL FROM THE 3RD

 

V.                                                                    §                      DISTRICT
COURT OF

 

THE
STATE OF TEXAS                             §                      ANDERSON COUNTY,
TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Luis
Miguel Trejo appeals his conviction for aggravated sexual assault of a child,
for which he was sentenced to imprisonment for life.  In one issue, Appellant
argues that the evidence is factually insufficient to support the trial court’s
judgment.  We affirm.

 

Background

            Appellant
was charged by indictment with aggravated sexual assault of a child. 
Specifically, the indictment alleged that Appellant “intentionally or knowingly
caused the penetration of the sexual organ of [H.B.] … a child who was then and
there younger than 14 years of age and not the spouse of [Appellant], by [Appellant’s]
sexual organ….”  Appellant pleaded “not guilty,” and the matter proceeded to a
jury trial.  

The
testimony at trial reflects that, on or about the evening of October 6, 2007,
Appellant was at his residence with his infant son and two stepchildren, one of
whom was eight year old H.B.  His girlfriend, L.D.,[1]
was at work.  According to H.B.’s testimony, later that evening, Appellant, who
had been drinking, removed her clothes, threw her on the bed, and put his
“privates” into her “privates.”  H.B. further testified that Appellant quickly
stopped when he saw blood coming out of her “private part.”  H.B. stated that
Appellant told her to take a bath and attempted to conceal the blood stain on
the bedspread with a black marker.  H.B. further stated that Appellant told her
that if she revealed to anyone what had happened, he would kill her and L.D.

When
L.D. returned, she and Appellant argued about the fact that he had been
drinking.  Appellant left the residence and went to his mother’s house. 
Thereafter, L.D. noticed that H.B. was bleeding between her legs and called
9-1-1.  Police and emergency medical personnel were dispatched to the
residence.  H.B. was ultimately transported to Dallas to receive appropriate
medical care for her injuries.  Police later apprehended Appellant at his
mother’s house.

Following
the presentation of evidence and argument of counsel, the jury found Appellant
“guilty” as charged.  A bench trial on punishment was conducted, after which
the trial court sentenced Appellant to imprisonment for life.  This appeal
followed.

 

Factual Sufficiency

            In
his sole issue, Appellant argues that the evidence is factually insufficient to
support the trial court’s judgment.  Specifically, Appellant contends the
evidence is factually insufficient because the record reflects that the DPS
crime lab found no presence of his DNA on the victim or in any of the items
tested at the crime lab.  

            When
an appellant raises a contention that the evidence is not factually sufficient
to support the trial court=s judgment, we must
first assume that the evidence is legally sufficient under the Jackson[2]
standard.  See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim.
App. 1996).  We then consider all of the evidence weighed by the factfinder
that tends to prove the existence of the elemental fact in dispute and compare
it to the evidence that tends to disprove that fact.  See Santellan
v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  We do not view
the evidence “in the light most favorable to the prosecution.” Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Instead, we look at
all evidence in a neutral light and will reverse only if (1) the evidence is so
weak that the finding seems clearly wrong and manifestly unjust or (2)
considering conflicting evidence, the finding, though legally sufficient, is
nevertheless against the great weight and preponderance of the evidence.  See
Watson v. State, 204 S.W.3d 404, 414‑15 (Tex. Crim. App. 2006).
 In our review, we must consider the evidence that the appellant claims most
undermines the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  We cannot declare that a conflict in the evidence
justifies a new trial simply because we may disagree with the factfinder’s
resolution of that conflict.  See Watson, 204 S.W.3d at
417.  Nor can we conclude a finding is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted differently
had we been the factfinder.  See id.  Rather, before ordering a
new trial, we must first be able to say, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the
verdict. See id.

In
the instant case, Appellant urges us to adopt his position that when “DNA
findings do not support the accusations of the victim, then the connection of
the Appellant to the crime must not be made.”  Yet, it is beyond contention
that the uncorroborated testimony of a sexual assault victim alone is
sufficient to support a conviction for aggravated sexual assault of a child.  See
Tex. Code Crim. Proc. Ann.  art.
38.07(a) (Vernon 2005); Cagle v. State, 976 S.W.2d 879, 880 (Tex.
App.–Tyler 1998, no pet.); see also Grays v. State, No.
4-07-00742-CR, 2008 WL 2746078, at *3 (Tex. App.–Houston [14th Dist.] 2008,
pet. ref’d) (mem op., not designated for publication).  H.B.’s testimony that
Appellant inserted his “privates” into her “privates” and threatened to kill
her and L.D. if she told anyone about it was clear and compelling.  The fact
that no physical evidence specifically linking Appellant to the aggravated
sexual assault of H.B. was recovered from H.B. or the scene does not
necessarily serve to contradict H.B.’s testimony.  Indeed, multiple witnesses
testified regarding the likelihood of recovering DNA evidence after a victim
has bathed.  One witness described the likelihood of recovering such evidence
as “decreased” while another described it as “very slim.”  From this evidence,
the jury could have reasonably concluded that any DNA evidence left by
Appellant was washed away while H.B. bathed.  

We
have reviewed the record in its entirety.  Having done so, we cannot conclude
that the great weight and preponderance of the evidence contradicts the verdict
or that the jury’s finding of “guilty” is “clearly wrong” or “manifestly
unjust.”  Therefore, we hold that the evidence is factually sufficient to
support the trial court’s judgment.  Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

 

                                                                                                Sam Griffith

                                                                                                        
Justice

 

 

 

Opinion delivered March 24, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] L.D. lived with Appellant and
the three children at the residence.  L.D. is the mother of each of the three
children.  Appellant is the father of the youngest child.  Appellant is not the
father of the older children.  However, at trial, H.B. referred to Appellant as
her stepfather.

                





[2] See Jackson v. Virginia, 443 U.S. 307, 315B16, 99 S. Ct. 2781, 2786B87, 61 L. Ed. 2d 560 (1979).